# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **OTIS JONES** | **CIVIL ACTION NO. 10-346-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JAMES M. LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Otis Jones ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 22, 2010. Plaintiff is incarcerated in the Dixon Correctional Institute in Jackson, Louisiana, but claims his civil rights were violated during his arrest and while incarcerated at the Bossier Correctional Center in Plain Dealing, Louisiana. Plaintiff names Steven Anderson, James LeBlanc, Larry Deen, Keasha Harris, and T. Alan Hoss as defendants.[1]

Plaintiff claims that on August 11, 2008, he was arrested by Parole Officer Steve Anderson for violating conditions of his parole. Plaintiff claims Agent Anderson took his

---

[1]Plaintiff also raises excessive force claims and denial of medical/dental treatment claims against Robert Chavis, Chris English, Charles Shavis, and T. Alan Hoss. These claims have been addressed in a separate Memorandum Order.

truck keys and allegedly gave them to William Morgan, the manager of the Way Station.  He claims neither will tell him where is truck and property are located.

Plaintiff claims that on October 22, 2008, he appeared before the parole board and his parole was revoked.  Plaintiff complains that the basis of revoking his parole was violations of conditions #8 and #10 and not multiple conditions and/or violations.  He claims condition #8 prohibits him from engaging in any type of criminal conduct and condition #10 prohibits him from having any firearms or dangerous weapons in his possession or control.

Plaintiff claims that after his revocation hearing, the Bossier Parish Sheriff Department awarded him 72 days credit for time served.  He claims the rap sheet he received from the Louisiana Department of Corrections is incorrect as to his discharge and full term date.  He claims 30 days were added to his sentence rather than 72 days being subtracted from his sentence.  He also claims conditions were added to his sentence.

Plaintiff claims that the Louisiana Department of Corrections and the Louisiana Department of Parole and Probation are discriminating against him.  He claims his alleged parole violations were not felony or misdemeanor charges.  Plaintiff claims new conditions were added to his July 22, 1988 charge which are ex post facto legislation and therefore illegal.  Plaintiff claims he must now register as a sex offender for the rest of his life.

Plaintiff claims his Fourteenth Amendment rights were violated.  He claims that on October 6, 2009, he was not allowed to register for a substance abuse program at the Bossier Medium Security Facility because he is a sex offender.  He claims he is being discriminated against at the jail.

Plaintiff claims that he is a DOC prisoner and should be given the same privileges as DOC prisoners at other facilities.  He claims the Louisiana Department of Corrections punished him twice by incarcerating him at the Bossier Parish Facilities.

Plaintiff claims that in December 2008, he submitted a medical request for dental care. He claims he needed to have a tooth extracted and replacement of a partial plate.  He claims the medical staff informed him that he would have to pay $350 for treatment and that he would not have surgery until the money was in his account.  He claims that this requested dental care was an immediate medical need because he was having difficulty chewing and swallowing food.  He claims his equal protection rights were violated because he is a DOC prisoner and dental treatment is free for DOC prisoners.

Plaintiff claims he suffers from chronic medical conditions which require that he take daily medications.  He claims he is billed monthly for his prescriptions and currently owes more than $400 for the medications.  He claims that as a DOC prisoner, he is exempt from paying for medications.

Plaintiff claims his conditions of confinement are unconstitutional.  He claims he has received inadequate medical care.  He claims he requested a doctor's appointment because his prepuce was discolored and covered with a foul smelling white slime.  He claims the doctor looked at his prepuce and told him that it would be alright.  He claims the doctor did not prescribe any medication for his condition.  He claims his condition has worsened and he continues to suffer.  He also claims he was charged $15.00 for the doctor's visit.

Plaintiff claims he suffers from chronic high blood pressure and arthritis.  He claims

the arthritis causes him excruciating pain.  He claims his overall health has deteriorated since he was incarcerated at the Bossier Facilities.

Plaintiff claims prisoners were not screened for infectious diseases until they were detained for months.  He claims they are then only screened for tuberculosis.

Plaintiff claims he is an indigent inmate who is billed $2.90 every two weeks for indigent supplies.  He claims these supplies are free and issued weekly for DOC prisoners. He also claims indigent inmates are not given underwear, socks, t-shirts, and thermal sets. He claims that as a result, indigent inmates are forced to wear their jump suits at all times, even to sleep in.  He claims the jump suits are only washed once a week.  He claims DOC prisoners are given three pairs of socks, three t-shirts, three pairs of underwear, and a thermal set.  He claims they receive these items, except for the thermal set, every 90 days and at no cost.  Plaintiff claims that as a DOC prisoner, he should be given these same privileges.

Plaintiff claims he is forced to eat bologna sandwiches six times a week.

Plaintiff claims he has requested a geographical transfer multiple times.  He claims his requests were denied even though he has no disciplinary reports.

Plaintiff claims there were no case workers or counselors at the facility to help inmates like him to relocate to a shelter when they are about to be released.

Plaintiff claims that in September 2009, prison officials did not inform him of his brother's death even though his sister had contacted them.  He claims he learned of his brother's death from another inmate.  He claims he was not allowed to attend the funeral.

Plaintiff claims that on April 5,  2010, he submitted an administrative grievance to

James LeBlanc for his review.  He claims that on April 26, 2010, the administrative grievance was given to Lt. Rod Boyer for his review.  Plaintiff claims he feared for his life because Boyer's administration is named in this current action.  He also claims Boyer threatened him in his response to the grievance.  Plaintiff claims that he feared that he would be beaten.  Plaintiff contends that Lt. Rod Boyer should have directed his second step response to Captain K. Harris for further review instead of to himself.

Plaintiff claims that on May 5, 2010, Officer Hoss gave inmates their medications. He claims Officer Hoss is not qualified to do so.  He also claims Officer Hoss threw his medications instead of placing them in his hands.

Plaintiff claims the prison officials are refusing to make copies of his legal materials.

As relief, Plaintiff seeks monetary damages, a correct calculation of his sentence and conditions, DOC to pay his medical and/or dental and indigent supply bills, medical treatment, a partial plate, a geographical transfer, and the return of his truck and property.

## LAW AND ANALYSIS

### Arrest and Property Claims

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used.  Id. at 280.  In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as:  "The state statute governing the general tort remedy for personal injuries should

apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims that on August 11, 2008, he was arrested by Parole Officer Steve Anderson for violating conditions of his parole. Plaintiff claims Agent Anderson took his truck keys and allegedly gave them to William Morgan. He claims neither will tell him where his truck and property are. Prescription began to run as to these claims in August 2008 at the latest when Plaintiff was arrested and his property was taken from him. The above entitled and numbered complaint was not signed by Plaintiff until February 2010 and it was not filed by the Clerk of Court until February 22, 2010. Plaintiff's claims are therefore prescribed. Accordingly, Plaintiff's property and arrest claims should be dismissed as frivolous.

**Heck Claim**

Plaintiff is seeking monetary damages and injunctive relief for an allegedly unconstitutional parole revocation and sentence. The United States Supreme Court held

that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck is also applicable to claims for injunctive relief that imply the invalidity of the conviction or sentence. Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir.2002). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive relief for civil rights violations under Section 1983; therefore, he must prove that his parole revocation or sentence has been invalidated. He has not met this precondition and his claims must be dismissed until

such time that he can demonstrate that his parole revocation or sentence has been invalidated.

**Habeas Claim**

Plaintiff alleges the basis for revoking his parole is invalid and seeks an immediate or speedier release from incarceration. Plaintiff also claims that 30 days were added to his sentence rather than 72 days being subtracted from his sentence. He also claims additional conditions were placed on his sentence and that these conditions are illegal. Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a habeas corpus proceeding. This determination is made by focusing on "the scope of relief actually sought." Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant

is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)).  Plaintiff is challenging his sentences and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time.  It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982).  From the information provided in Plaintiff's complaint and amended complaint, he has not challenged his parole revocation and sentence in the state court system.  Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

**Discrimination Claims**

Plaintiff claims his Fourteenth Amendment rights were violated.  He claims he is a DOC prisoner and should be given the same privileges as DOC prisoners at other facilities. He claims the Louisiana Department of Corrections punished him twice by incarcerating him at the Bossier Parish Facilities.

Prisoners have no protected right arising from the Constitution itself, or from any

protected liberty or property interest arising from state law, to be incarcerated in a particular facility or to be transferred from one facility to another. Olim v. Wakinekona, 461 U.S. 238, 245–46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Meachum v. Fano, 427 U.S. 215, 224–25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir.1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir.1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir.1982). "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Jackson, 864 F.2d at 1250.   Accordingly, Plaintiff has failed to state a cognizable due process violation and his claims should be dismissed as frivolous.

**Equal Protection Claims**

Plaintiff claims that on October 6, 2009, he was not allowed to register for a substance abuse program at the Bossier Medium Security Facility because he is a sex offender.  He claims he is being discriminated against.  Plaintiff also claims his equal protection rights were violated because he is a DOC prisoner and dental treatment and indigent supplies are free for DOC prisoners.   Plaintiff claims that as a DOC prisoner, he should be given these same privileges.

The Equal Protection Clause requires that similarly situated persons be treated alike. Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d

313 (1985). To establish an equal protection claim, a plaintiff must establish that (1) the state created two or more classifications of similarly situated persons that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective.  See Johnson v. Rodriguez, 110 F.3d 299, 306-07 (5th Cir.), cert. denied, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).   Also, a plaintiff may also state an equal protection claim if he alleges that his disparate treatment was motivated by any illegitimate animus or ill-will.  See Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir.2000).

Plaintiff does not allege or show that he was treated differently from other similarly situated inmates who were classified as sex offenders.  Inmates are classified as sex offenders because of the  sentences they have received.  Plaintiff does not allege or show that he was treated differently from other DOC inmates incarcerated at the Bossier Parish Facilities who were in need of dental treatment or supplies.  Finally, Plaintiff does not allege facts showing that he was singled out for ill treatment for any impermissible reason.

Accordingly, Plaintiff does not meet the first criteria for an equal protection violation and has therefore failed to state claims upon which relief can be granted.

**Dental Claims**

Plaintiff claims that in December 2008, he submitted a medical request for dental care.  Thus, prescription began to run as to these claims in December 2008 at the latest when Plaintiff requested dental treatment and was denied.  The above entitled and numbered complaint was not signed by Plaintiff until February 2010 and it was not filed

by the Clerk of Court until February 22, 2010.  Plaintiff's December 2008 dental claims are

therefore prescribed.

## Medical Fee Claim

Plaintiff complains that he has been charged for medicine and doctor visits even

though he is a DOC prisoner.  Plaintiff does not have a constitutional right to free medical

care.  Hutchinson v. Belt, 957 F.Supp. 97 (W.D. La. 1996).  Accordingly, Plaintiff has

failed to state a violation of his constitutional rights and this claim should be dismissed with

prejudice as frivolous.

## Medical Claim

The lack of proper inmate medical care rises to the level of a constitutional

deprivation under the Eighth Amendment of the United States Constitution only if the

evidence shows that the prison officials showed "deliberate indifference to serious medical

needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer

v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate

indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the

conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment.

Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96

S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a

culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321,

2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition,

disagreement with the diagnostic measures or methods of treatment afforded by prison

officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits he was examined by a doctor for his condition. He claims the doctor told him he would be fine and did not prescribe medication for him. However, Plaintiff disagrees with the medical treatment he received and claims he should have been given medication for his condition. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Also, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. Furthermore, Plaintiff does not allege that he requested and was denied medical treatment for high blood pressure and arthritis. Also, Plaintiff does not allege that Officer Hoss failed to dispense his medication

to him.  In addition, Plaintiff does not allege that he was exposed to or contracted a contagious disease while at the Bossier facilities because of the delay and/or lack of screening.  The screening of incoming inmates for infectious diseases is not constitutionally required.  See Gibbs v. Grimmette, 254 F.3d 545, 550 (5th Cir. 2001).

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical claims should be dismissed with prejudice as frivolous.

**Conditions of Confinement Claims**

Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Furthermore, this Court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

Plaintiff claims indigent inmates are not given underwear, socks, t-shirts, and thermal sets.  He claims that as a result, indigent inmates are forced to wear their jump suits at all times, even to sleep in.  He claims the jump suits are only washed once a week.  Plaintiff claims he is forced to eat bologna sandwiches six times a week.  After considering

the totality of the specific circumstances that constitute the conditions of Plaintiff's confinement, this Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  The deprivations alleged by Plaintiff regarding clothing, unsanitary conditions, and food simply do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities.  Furthermore, Plaintiff failed to allege that he sustained any harm or injury as a result of his exposure to the complained of conditions.

Accordingly, the conditions alleged do not rise to the level of cruel and unusual punishment and his claims should be dismissed with prejudice as frivolous.

**Case Worker and/or Counselor Claims**

Plaintiff claims there are no case workers or counselors at the facility to help inmates like him to relocate to a shelter when they are about to be released.

Neither the Due Process clause, nor any other provision of the Constitution, afford prisoners the constitutional right to educational or rehabilitative services or programs. Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988);  Sampson v. Corrections Corporation of America, No. 08–CV–0915, 2009 WL 837640, (W.D.La. Mar. 26, 2009); See also Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991) (Prisoners do not have a constitutional right to "social services."); Lato v. Attorney General of U.S., 773 F.Supp. 973, 978 (W.D.Tex.1991) (citing Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988); Newman v. State of Alabama, 559 F.2d 283, 292 (5th Cir.1977), rev'd in part on other grounds sub

nom.; <u>Alabama v. Pugh</u>, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

Accordingly, Plaintiff's claim that he is being denied access to case workers or counselors in violation of Louisiana law and the Constitution of the United States, fails to state a claim for which relief may be granted.

## Transfer Claims

Plaintiff claims that he has requested a geographical transfer multiple times.  He claims his requests have been denied even though he has no disciplinary reports.

The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration.  <u>See</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).  Under <u>Olim</u> and <u>Meachum</u>, this court has no authority to order the State to transfer Plaintiff to another prison.  Accordingly, Plaintiff's transfer claims should be dismissed with prejudice as frivolous.

## Funeral Claim

Plaintiff claims that in September 2009, prison officials did not inform him of his brother's death or allow him to attend the funeral.  Neither federal nor state law entitles prisoners to compassionate leave or for that matter even to have contact with their families in the prison.  <u>Thomas v. Farley</u>, 31 F.3d 557, 559 (7th Cir. 1994); <u>Merrit v. Broglin</u>, 891 F.2d 169 (7th Cir. 1989); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080 (9th Cir. 1986).  While the court is sympathetic to Plaintiff's desire to attend his brother's funeral, his claim that he

was deprived of a Constitutionally protected right when prison officials did not allow him to do so is frivolous.

**Threat Claim**

Plaintiff claims that on April 5,  2010, he submitted an administrative grievance to James LeBlanc for his review.  He claims that on April 26, 2010, the administrative grievance was given to Lt. Rod Boyer for his review.  Plaintiff claims he feared for his life because Boyer's administration is named in this current action.  He also claims Boyer threatened him in his response to the grievance.

Plaintiff's claims fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997) (citing Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993)).  The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir.1995).  See Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

Accordingly, Plaintiff's claims regarding verbal threats should be dismissed with prejudice as frivolous.

**Access to the Courts Claim**

Plaintiff claims the prison officials refuse to make copies of his legal materials.

Prisoners  have a constitutional right of meaningful access to the courts. <u>Degrate v.</u>
<u>Godwin</u>, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting <u>Bounds v. Smith</u>, 430 U.S. 817, 828,
97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not
without limitation.  <u>Lewis v. Casey</u>, 518 U.S. 343 (1996)  (quoting <u>Turner v. Safley</u>, 482
U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).  In <u>Lewis v. Casey</u>, 518 U.S.
343, (1996), the Supreme Court reviewed its holding in <u>Bounds v. Smith</u>, 430 U.S. 817,
(1977) which  is the source of a prisoner's constitutional right to "meaningful access to the
courts."  While the Supreme Court reaffirmed a prisoner's right of access to the courts in
<u>Lewis</u>, the Court limited the parameters of <u>Bounds</u> and set forth a standard to be applied
when determining whether to grant relief for an access to the courts violation.  In so
holding, the Court noted that a prisoner must show an actual injury, explaining that this
requirement is derived from the doctrine of standing.  <u>Lewis</u>, 116 S.Ct. at 2179.  The Court
used the analogy of a prisoner who is denied access  to that of a healthy prisoner who has
been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor
the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief
under Section 1983.  The Court emphasized that the court's role is to provide relief to
claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access
to the courts claim without proving an actual injury in non-frivolous litigation as a result
of the defendant's alleged unconstitutional conduct.  <u>Ruiz v. United States</u>, 160 F.3d 273,
275 (5th Cir. 1998); <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Plaintiff has not satisfied the "actual injury" requirement.  Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of copies of his legal papers. Furthermore, Plaintiff's complaint in this court reveals on its face that he was able to clearly present his claims to this court.  Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that the following claims be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii):

(1) Arrest and Property; (2)Discrimination; (3) Equal Protection; (4) December 2008 Dental; (5) Medical Fee; (6) Medical; (7) Conditions of Confinement; (8) Case Worker and Counselor; (9) Transfer; (10) Funeral; (11) Threat; and (12) Access to the Courts.   **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive relief for his allegedly unconstitutional parole revocation and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met.   **IT IS FURTHER RECOMMENDED** that Plaintiff's request for <u>habeas</u> relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 6th day of March 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE