UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **OTIS JONES** | **CIVIL ACTION NO. 10-346-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JAMES M. LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Otis Jones ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[1] This complaint was received and filed in this court on February 22, 2010. Plaintiff claims his civil rights were violated during his arrest and while incarcerated at the Bossier Parish Facilities in Plain Dealing, Louisiana. Plaintiff names Keasha Harris, Robert Chavis, Chris English, Charles Shavis, and T. Alan Hoss as defendants.[2]

---

[1] Plaintiff has also raised additional claims against Steve Anderson, James LeBlanc, Larry Deen, and T. Alan Hoss. These claims are addressed in a separate Report & Recommendation.

[2] Based on the complaint, it is unclear if Robert Chavis and Charles Shavis are the same person.

Plaintiff was ordered on March 6, 2013, to furnish the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of that order, one (1) copy of the complaint, two (2) completed summonses, and one (1) USM 285 form for each remaining defendant in this action, for service [Doc. 22]. Subsequently, Plaintiff notified the court of his change of address. On March 25, 2013, the Clerk mailed Plaintiff a copy of the March 6, 2013 memorandum order to his updated address. To date, Plaintiff has not complied with the memorandum order.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's remaining claims regarding excessive force and denial of medical/dental treatment against Robert Chavis, Chris English, Charles Shavis, and T. Alan Hoss be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court,

unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 14 day of May 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE